UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------X
JOHN J. PETITO,

                                    Plaintiff,                    **REPORT AND**
                                                                  **RECOMMENDATION**
            -against-
                                                                  CV 04-4493 (SJF) (ARL)
PHILIP D. HILL, et al.,

                                    Defendants.
-----------------------------------------------------------X
JOHN J. PETITO, an individual, and
DOES 1-500 WORKING INTEREST WELL
OWNERS, DOES 1-800 WYOMING-BIG HORN
WI OWNERS, and DOES 1-5000 ENERGYTEC,
INC. STOCKHOLDERS,
                                    Plaintiffs,

            -against-

ERIC A. BREWSTER et al.,

                                    Defendants.
-----------------------------------------------------------X

**LINDSAY, Magistrate Judge:**

        Before the court, on referral from District Judge Sandra Feuerstein, are five motions to

dismiss the pro se complaints in these consolidated actions.  By order dated May 25, 2006, Judge

Feuerstein consolidated these complaints into the lead case, No. 04-4493 and ordered that case

No. 06-2563 be administratively closed.  The lead case was filed by the plaintiff, John J. Petito,

on October 19, 2004 against twenty-nine individual defendants, all of whom are current or

former employees of the United States, as well as five federal agencies and the United States[1]

_____

        [1] The defendants as named in the complaint are: Phillip D. Hill, IRS Special Agent CID,
Randall L. Sprance, IRS Special Agent CID, Lou Gossett, IRS CID Supervisor, David Massecca,
Ex-IRS Revenue Agent/Auditor, Melinda G. Williams, IRS Attorney, Ronald Buch, IRS
Attorney, Richard Goldman, IRS Attorney, Stephen King, Assistant U.S. Attorney, Theresa G.

alleging violation of Internal Revenue Code Section 7430, 26 U.S.C. § 7430, and the Taxpayers'

Bill of Rights, 26 U.S.C. §§ 7433, 7433A.   These defendants have moved to dismiss the claims

asserted against them in their entirety pursuant to Federal Rules of Civil Procedure 12(b)(1),

12(b)(2), 12(b)(5) and 12(b)(6) for lack of subject matter jurisdiction, lack of personal

jurisdiction, improper service and failure to state a claim upon which relief may be granted.

The second complaint was filed by Mr. Petito on May 23, 2006 against different

defendants alleging various federal and state law claims, including violation of the Sarbanes-

Oxley Act of 2002, 25 U.S.C. § 116, et seq., breach of fiduciary duty, breach of contract, fraud,

embezzlement, and libel and slander.  All of the defendants named in the second complaint also

seek dismissal of the complaint.  Also referred is the plaintiff's summary judgment motion

against certain defendants named in the second complaint.

Because of the diverse nature of plaintiff's claims, the undersigned will address the merits

of the federal defendants' motion to dismiss in this opinion and will address the remaining

motions described above in a separate report.  For the reasons that follow, the undersigned

recommends that the claims against the federal defendants be dismissed in their entirety.

---

McQueeney, IRS Attorney, Lewis J. Abrahams, IRS Associate Area Counsel, Richard W. Skillman, IRS Acting Chief Counsel, Kevin M. Brown, IRS Division Counsel, Linda R. Dettery, IRS Area Counsel, Peggy Gartenbaum, IRS Acting Associate Area Counsel, Monica E. Koch, IRS Attorney, Stuart Brown, IRS Chief Counsel, Andrew J. Mandell, IRS Acting Assistant Chief Counsel, John Williams, Jr., IRS Chief Counsel, Joseph F. Maselli, IRS Regional Counsel, Jody Tancer, IRS Acting District Counsel, John Ashcroft, current U.S. Attorney General, Roslyn Mauskopf, U.S. Attorney, E.D.N.Y., Janet Reno, Ex-U.S. Attorney General, John W. Snow, Current Secretary of Treasury, Paul H. O'Neill, Ex-Secretary of Treasury, Lawrence H. Summers, Ex-Secretary of Treasury, Robert E. Rubin, Ex-Secretary of Treasury, Mark W. Everson, current Commissioner of the IRS, Charles O. Rossotti, Ex-Commissioner of IRS, the IRS, U.S. Department of Treasury, U.S. Department of Justice, Office of the U.S. Attorney General, Office of the U.S. Attorney, E.D.N.Y., and the United States of America.

# BACKGROUND

## A.    Preliminary Statement

The background of the claims alleged against the federal defendants is framed by the allegations in the 2004 complaint which will be accepted as true for purposes of this motion.  The claims set forth in the complaint seek to recover compensatory and punitive damages pursuant to Internal Revenue Code Section 7430, the Taxpayers' Bill of Rights, 26 U.S.C. §§ 7433 and 7433A, and "other applicable statutes and law," arising from the civil and criminal prosecution of the plaintiff as described below.  (2004 Compl. at page 2, ¶ "Third").  Although the allegations contained in the 2004 complaint do not specify any Constitutional Amendments under which the plaintiff seeks to assert a claim for relief, his affidavit in opposition to the federal defendants' motion to dismiss states that the defendants have violated his First, Fourth, Fifth, Sixth and Seventh Amendment rights as well as "other amendments: to life, liberty and the pursuit of happiness."  Petito Affidavit at Section "B", Point IV.  The federal defendants move to dismiss the claims asserted against them in their entirety pursuant to Federal Rule of Civil Procedure 12(b)(1), (2), (5) and (6).

### (i)    The Tax Court Matter:

The IRS sent a Notice of Deficiency (the "Notice") dated December 29, 1999 to Petito advising that it had determined that he had a $30,490 deficiency in reporting income tax for 1992 on his individual return.  Petito objected to this Notice by petition filed with the Tax Court in January 2000.  (Id. at page 5, ¶ 11).  Plaintiff's petition was ultimately resolved in his favor in February 2002, when the IRS entered into a "Stipulation of Settled Issues."  (Stipulation, annexed to the defendants' papers as "Exhibit B").  The parties agreed that in fact there was "no

deficiency in income tax, no overpayment of income tax and no penalty due." (Id. at ¶¶ 1-3).

The sole issue left undecided was whether Petito was entitled to an award of reasonable litigation

and administrative costs in light of this result. (Id. at ¶ 4). In this regard, on February 21, 2002,

Petito filed a motion with the Tax Court seeking $86,500 in administrative and legal costs, as

well as $9 million in punitive damages. The Tax Court by Opinion and Order dated October 28,

2002 granted plaintiff's motion in part. Relying on Sections 7430 and 7433 of the Internal

Revenue Code, 26 U.S.C. §§ 7430 and 7433, the Tax Court determined that the IRS's position in

the underlying matter was not "substantially justified" and that Petito was entitled to recover

$3,640 representing a portion of the attorney's fees incurred for advice in the Tax Court matter

and $500 for miscellaneous expenses. The Tax Court determined, however, that Section 7430

did not allow for an award of costs incurred in connection with a related criminal prosecution and

further determined that pursuant to Section 7433 it lacked jurisdiction to award punitive

damages. Plaintiff did not seek reconsideration of the Tax Court's order, nor did he seek to

appeal the decision to the Court of Appeals.

### (ii) The Criminal Prosecution:

Petito was indicted in the Eastern District of New York on August 31, 2000, while his

Tax Court petition was still pending. The indictment, which charged Petito with one count of

filing a false or fraudulent tax return in 1992, was based on the same information which formed

the basis of the deficiency notice before the Tax Court. United States v. Petito, No. CR-00-924.

(Compl. at page 8). On September 28, 2001, the indictment was dismissed on the Government's

motion.

4

## B.     The Allegations Against the Federal Defendants

The instant claims against the federal defendants arise from both the Tax Court case and the criminal prosecution. According to the plaintiff, he is entitled to recover damages including his administrative costs and expenses incurred in connection with his defense of the Tax Court matter and criminal prosecution as well as punitive damages. (Id.). The plaintiff seeks $86,500 in compensatory damages as well as $9 million in punitive damages reiterating many of the demands made before the Tax Court. He also seeks an additional unspecified sum for costs associated with the instant matter. (2004 Compl. at page 15).

The plaintiff's allegations against the various defendants are outlined below. The first group of allegations, contained in the fourth paragraph of the complaint, assert that defendants Hill, Sprance, Gossett and Massecca, all of whom are IRS agents, "wrongful[ly], negligent[ly] [and in] reckless intentional disregard of the law" ignored IRS data which was available to them and misused other data in compelling the Notice of Deficiency filed against the plaintiff on December 29, 1999. (Id. at pages 3-5). Plaintiff also asserts that the IRS agents conspired to secure the criminal prosecution of plaintiff by knowingly, recklessly and with intentional disregard of the law providing the same inaccurate and misleading information to the U.S. Attorney. (Id. at page 6, ¶ "Fourth," subsection 13).

The second group of allegations concern the IRS attorneys and current and former IRS Commissioners, as well as the IRS, the Department of Treasury and the United States. (Id. at pages 7-8, ¶ "Fifth"). The individual defendants are Williams, Buch, Goldman, McQueeney, Abrahams, Skillman, K. Brown, Dettery, Gartenbaum, Kotch, Mandell, Williams, Maselli, Tancer, Snow, O'Neill, Summers, Rubin, Rossotti and Everson. The plaintiff claims that these

defendants furthered the conspiracy against the plaintiff when they knowingly and recklessly misled the Tax Court and relied on evidence they knew to be inaccurate in order to establish plaintiff's tax liability.  (Id. at page 8).

The final group of allegations concerns the criminal prosecution and the defendants Stephen King, Assistant U.S. Attorney, Roslyn Mauskopf, U.S. Attorney for the EDNY, John Ashcroft, then-U.S. Attorney General, Janet Reno, former U.S. Attorney General, the Department of Justice and the United States of America.  According to the complaint, the defendants wrongfully and negligently "allowed the prior conspirators to cause a Grand Jury indictment to be obtained against [plaintiff]" when they failed to question the validity of the Notice of Deficiency or other information supplied by the co-defendants.  (Id.).  Plaintiff further alleges that the defendants in this group continued his criminal prosecution even after learning that the underlying deficiency information lacked validity. (Id.).

As a result of the foregoing, the plaintiff claims that he has "suffered financially by spending a great deal of money in my civil and criminal cases," and emotionally by being billed wrongfully by the IRS and indicted by the U.S. Attorney General.  (Id. at page 14, paragraph "Seventh").  Petito further alleges that he was deprived of the "enjoyment of freedom" due to the amount of time he had to put into "all this" over an eight-year period.  He further claims that his family "suffered due to [his] emotional instability, and [his] lessening of husbandry duties to [his] wife."  Finally plaintiff  asserts that he suffered the loss of two clients as a consequence of the defendants' actions.[2]

---

[2]Significantly, plaintiff does not include the defendant Mark Everson in these allegations and fails to allege any other wrongful conduct by him.

# DISCUSSION

## I.    Legal Standards

The court must liberally interpret the complaint of a pro se plaintiff.  Haines v. Kerner, 404 U.S. 519, 520-21, 92 S. Ct. 594, 595 (1972); Williams v. Smith, 781 F.2d 319, 322 (2d Cir. 1986).  Taking into consideration the plaintiff's lack of legal training, the court "holds the complaint to 'less stringent standards than formal pleadings drafted by lawyers.'"  Roberts v. Internal Revenue Service, No. 06 Civ. 1518 (VM), 2006 WL 3873161, at *3 (S.D.N.Y. Dec. 28, 2006), quoting Boddie v. Schnieder, 105 F.3d 857, 860 (2d Cir. 1997).  Nevertheless, pro se status "does not exempt a party from compliance with relevant rules of procedural and substantive law." Traguth v. Zuck, 710 F.2d 90, 95 (2d Cir. 1983) (citations omitted).

As noted, Petito's complaint seeks relief against the federal defendants pursuant to 26 U.S.C. §§ 7430 and 7433.  Section 7430, entitled "Awarding Costs and Certain Fees" provides, in relevant part,

> (a) In general - In any administrative or court proceeding which is brought by or against the United States in connection with the determination, collection, or refund of any tax, interest or penalty under this title, the prevailing party may be awarded a judgment or a settlement for  -
>
> > (1) reasonable administrative costs incurred in connection with such administrative proceeding within the Internal Revenue Service, and
> >
> > (2) reasonable litigation costs incurred in connection with such court proceeding.
> > . . .
>
> (c) Definitions - For purposes of this section -
> . . .
> > (5) Administrative proceedings - The term "administrative

proceeding" means any procedure or other action before the Internal Revenue Service.

(6) Court proceedings.- The term "court proceeding" means any civil action brought in a court of the United States (including the Tax Court and the Court of Claims).

. . .

(f) Right of Appeal.

(1) Court proceedings.- An order granting or denying (in whole or in part) an award for reasonable litigation or administrative costs under subsection (a) in a court proceeding, may be incorporated as a part of the decision or judgment in the court proceeding and shall be subject to appeal in the same manner as the decision or judgment.

26 U.S.C. § 7430.

Section 7433, which by its terms applies exclusively to collection actions, provides for an award of civil damages as follows:

Section 7433 - Civil damages for certain unauthorized collection actions.

(a) In general - If, in connection with any collection of Federal tax with respect to a taxpayer, any officer or employee of the Internal Revenue Service recklessly or intentionally, or by reason of negligence disregards any provision of this title, or any regulation promulgated under this title, such taxpayer may bring a civil action for damages against the United States in a district court of the United States. . . . [S]uch civil action shall be the exclusive remedy for recovering damages resulting from such actions.

(b) Damages. - In any action brought under subsection (a) . . ., upon a finding of liability by the defendant, the defendant shall be liable to the plaintiff in an amount equal to the lesser of $1,000,000 ($100,000 in the case of negligence) or the sum of -

(1) actual, direct economic damages sustained by the plaintiff as a proximate result of the reckless or intentional or negligent actions of the officer or employee, and

8

(2) the costs of the action.

. . .

(d) Limitations.

(1) Requirement that administrative remedies be exhausted. - A judgment for damages shall not be awarded under subsection (b) unless the court determines that the plaintiff has exhausted the administrative remedies available to such plaintiff within the Internal Revenue Service.

. . .

(3) Period for bringing action.- Notwithstanding any other provision of law, an action to enforce liability created under this section may be brought . . . only within 2 years after the date the right of action accrues.

26 U.S.C. § 7433.[3]  As noted above, the federal defendants seek dismissal of the claims asserted against them in their entirety pursuant to Federal Rule of Civil Procedure 12(b).

## II.     The Federal Defendants' Motion

All of the federal defendants have moved to dismiss the complaint pursuant to Federal Rule of Civil Procedure 12(b)(1) and 12(b)(6).  In addition, the individual federal defendants seek dismissal pursuant to Rule 12(b)(2) for lack of personal jurisdiction and 12(b)(5) for insufficiency of service of process.

On a motion to dismiss under Rule 12(b)(1) for lack of subject matter jurisdiction, "a court does not draw inferences in favor of the plaintiff.  Roberts, 2006 WL 3873161, at *4.  Once the question of subject matter jurisdiction is raised, the party asserting such jurisdiction  bears the burden of establishing by a preponderance of the evidence that subject matter jurisdiction exists.

_____

[3]Section 7433A principally expands the scope of Section 7433 by extending its coverage to contract agents of the IRS.  As it does not appear from the complaint that any contract agents were involved in the assessment of plaintiff's taxes, Section 7433A is not applicable.

Makarova v. United States, 201 F.3d 110, 113 (2d Cir. 2000). In reaching its decision, the "court may resolve disputed jurisdictional fact issues by reference to evidence outside the pleadings, such as affidavits." Antares Aircraft, L.P. v. Fed. Republic of Nigeria, 948 F.2d 90, 96 (2d Cir. 1991), vacated for reconsideration on other grounds, 505 U.S. 1215 (1992), reaff'd on remand, 999 F.2d 33 (2d Cir. 1993).

In considering a motion to dismiss a complaint pursuant to Rule 12(b)(6), the court must liberally construe the claims, accept all factual allegations in the complaint as true, and draw all reasonable inferences in favor of the plaintiff. See Chambers v. Time Warner, Inc., 282 F.3d 147, 152 (2d Cir. 2002); Koppel v. 4987 Corp., 167 F.3d 125, 128 (2d Cir. 1999). In deciding a 12(b)(6) motion, the court may "consider documents attached to the complaint as exhibits, or incorporated by reference, as well as any documents that are integral to, or explicitly referenced in, the pleading." Roberts, 2006 WL 3873161, at *4, quoting Stuto v. Fleishman, 164 F.3d 820, 826 n.1 (2d Cir. 1991). With these standards in mind, the court considers the federal defendants' arguments.

1.     Subject Matter Jurisdiction Under Fed. R.Civ. Pro. 12(b)(1)

The federal defendants contend that this court lacks subject matter jurisdiction to resolve the plaintiff's demand for damages brought pursuant to Internal Revenue Code Sections 7430, 7433 and 7433A. The court agrees.

In February 2002, Petito first presented his demand for $86,500 pursuant to Internal Revenue Code Section 7430 and for $9 million in punitive damages pursuant to Internal Revenue Code Section 7433 to the Tax Court. The Tax Court decided this motion by awarding plaintiff administrative and litigation costs pursuant to Section 7430 in the sum of $4,140.00. That court

determined that Petito could not recover fees and expenses incurred in connection with the

criminal case under either section 7430 or 7433 and that it could not award punitive damages

under either section.  It is undisputed that the plaintiff did not appeal that decision.  Rather,

approximately three years later, he commenced this action on October 19, 2004 seeking the same

relief under §§ 7430, 7433, and 7433A.

It is well established that, without subject matter jurisdiction, this court has no power to

determine the case before it.  United States v. Cotton, 535 U.S. 625, 630, 122 S. Ct. 1781, 1785

(2002);  Megibow v. Clerk of the United States Tax Court, No. 04-Civ. 3321(GEL), 2004 WL

1961591, at * 2 (S.D.N.Y. Aug. 31, 2004) ("Subject matter jurisdiction refers to the court's

authority to hear and determine a case."), citing Brougham v. Oceanic Steam Navigation Co., 205

F. 857, 859-60 (2d Cir. 1913).  "[S]ubject matter jurisdiction is an unwaivable sine qua non for

the exercise of federal judicial power."  Curley v. Brignoli, Curley & Roberts, Assocs., 915 F.2d

81, 83 (2d Cir. 1999).

To evaluate the merit of the federal defendants' arguments, an understanding of the

procedural mechanism for challenging a tax liability is required.  A taxpayer may challenge his or

her tax liability in one of two ways.  Pursuant to Internal Revenue Code Section 6213, a taxpayer

may challenge an assessed deficiency before paying the tax by filing a petition in Tax Court.  26

U.S.C. § 6213.  In the alternative, a person may pay his or her tax liability in full and then file an

administrative claim for a refund pursuant to 26 C.F.R. § 301.6402-2.  If this administrative

claim is unsuccessful, the taxpayer may then bring suit for a refund in district court pursuant to

26 U.S.C. § 7422.  See 26 U.S.C. § 7422(a).

Subject matter jurisdiction over a request for administrative and litigation costs under

Internal Revenue Code Section 7430 lies with the district court only "when there is a substantive tax issue to be resolved." Wise v. Commissioner of Internal Revenue, 168 F. Supp.2d 649, 652 (S.D. Tex. 2001). On the other hand, "when the substantive tax issues have been resolved at the administrative level in the taxpayer's favor, subject matter jurisdiction over the taxpayer's request for administrative costs lies with the Tax Court." Id., at 652, citing 26 U.S.C. § 7430(f). Applying this rule, the Federal Court of Claims in Glantz v. United States, 1997 WL 718474 *3 (Fed. Cl. 1997), declined to hear plaintiff's complaint seeking costs pursuant to § 7430, explaining

> had the plaintiffs filed [] a complaint [in this court], and had the plaintiffs been awarded a refund of the money levied from the bank accounts, as a result of this court's proceedings, this court would have jurisdiction over the plaintiffs' complaint for reasonable administrative and litigation costs. 26 U.S.C. § 7430(c)(4)(C)(ii) (1997). Because the plaintiffs settled their dispute with the I.R.S. administratively, they must now settle their dispute over attorneys fees administratively as well. If the I.R.S. administratively denies the plaintiffs' complaint for attorney's fees, the plaintiffs may then appeal such a denial to the United States Tax Court, 26 U.S.C. § 7430(f)(2) (1997).

Id. at *3.

Here, Petito settled his dispute with the IRS leaving no substantive tax issue for this court to resolve. Thus, pursuant to §7430 this court is without subject matter jurisdiction to decide Petito's claim for costs. Kral v. Comm'r of Internal Revenue, 348 F. Supp. 538, 539 (E.D.N.Y. 1972).

The federal defendants also correctly assert that to the extent the plaintiff seeks review of Tax Court decision, that authority is vested exclusively with the United States Courts of Appeal. See 26 U.S. §7482(a); Freytag v. Comm'r of Internal Revenue, 501 U.S. 868, 891 (1991)

(observing that "like the judgments of the district courts, the decisions of the Tax Court are appealable only to the regional United States Courts of Appeals"), quoting 26 U.S.C. § 7482(a); Toker v. U.S., 982 F. Supp. 197, 201 (S.D.N.Y. 1997) ("[A]ccording to statute, the United States of Appeals has exclusive jurisdiction to review Tax Court decisions."). Moreover, the Tax Court's decision became final after the expiration of a 90-day time period during which a notice of appeal had to be filed. 26 U.S.C. § 7481(a)(1). In the absence of a timely notice of appeal, the decision of the Tax Court became final and is now not reviewable by any court. 26 U.S.C. § 7481(a)(1); R. Simpson & Co. v. Commissioner, 321 U.S. 225, 230, 64 S. Ct. 496 (1944) (considering the predecessor to section 7481, the Supreme Court ruled that after an order of the Tax Court has become final, the "statute deprives us of jurisdiction over the case."). Accordingly, this court lacks jurisdiction over his Section 7430 claims and the undersigned recommends their dismissal.

>2.  Failure to State A Claim Under Fed. R.Civ. Pro. 12(b)(6)

The federal defendants assert that the claims alleged pursuant to Section 7433 and 7433A fail to state a claim upon which relief may be granted because these sections apply only to tax "collection" activities, not tax assessment activities and are also untimely asserted.

There is no question that "Section 7433 provides for a civil action resulting from the wrongful *collection* of federal taxes, not the wrongful assessment of taxes." Wise v. Comm'r of Internal Revenue, 168 F. Supp.2d 649, 653 (S.D. Tex. 2001) (emphasis in original); Hynard v. IRS, 233 F. Supp.2d 502, 510 (S.D.N.Y. 2002) (§ 7433 "cannot be used to challenge the improper assessment of taxes."); see also Schwartz v. Kempf, 2004 U.S. Dist. LEXIS 2238, *9-10 (D. Mich. 2004) ("However, § 7433(a), by its express terms, only applies to collection

activities, and not to actions undertaken during the assessment process.").  Similarly, Section 7433A is applicable only to collection actions of persons performing services under qualified tax collection contracts under 26 U.S.C. § 6306(b).  Here, the claims do not allege that the defendants engaged in any *collection* activity.  Nor are there any allegations involving collection activities of any persons performing services under qualified tax collection contracts.  Rather, plaintiff's claims under §§ 7433 and 7433A arise from his receipt of a Notice of Deficiency and his petition to the Tax Court in January 2000 to contest the *assessment* of the tax.  The preparation of a Notice of Deficiency is not a collection activity.  Bouquett v. U.S., 1995 U.S. Dist. LEXIS 15823, *13-14 (D. Ohio 1995) ("Quite simply, sending a notice of deficiency is an assessment activity."), citing Wiley v. US, 20 F.3d 222 (6th Cir. 1994); Robinson v. US, 920 F.2d 1157 (3d Cir. 1990).  In the absence of any collection activity, plaintiff may not rely on Sections 7433 and 7433A and these claims should be dismissed.

      Even assuming plaintiff could pursue claims under Sections 7433 and 7433A, they would be time-barred.  A claim under these sections must be brought within two years from its accrual.  26 U.S.C. § 7433(d)(3).  At the very latest, Petito's claims accrued in February 2002 when the parties entered into a stipulation of settlement.  The complaint here was filed on October 28, 2004 - more than two years after the accrual date and are time-barred.[4]

---

[4]It should also be noted that to the extent Petito seeks punitive damages, they are not authorized under any these sections.  Section 7433 provides that a taxpayer may only recover actual, pecuniary damages.  26 U.S.C.  § 7433; see also Speelman v. United States, 461 F. Supp.2d 71, 75 (D.D.C. 2006) ("26 U.S.C. § 7433 does not a remedy of punitive damages, but only compensatory damages up to a specified amount.").  In addition, recovery of  punitive damages from the federal government is barred by 28 U.S.C. § 2674.  Celauro v. United States, 411 F. Supp.2d 257, 269-70 (E.D.N.Y. 2006).  Thus, Petitio's claim for punitive damages against the United States is not cognizable and must therefore be dismissed.

3.     Immunity

The federal defendants assert that immunity bars the plaintiff's claims.  These arguments are addressed below.

A.     Sovereign Immunity

According to the federal defendants, sovereign immunity bars Petito's claims not only as against the United States as sovereign but also against the individuals sued in their official capacities pursuant to Sections 7430, 7433 and 7433A.  The federal defendants also seek dismissal on this basis of any claims alleging constitutional violations against them in their official capacities.

The United States can only be sued with its consent and "the existence of consent is a prerequisite for jurisdiction." Adeleke v. United States, 355 F.3d 144, 150 (2d Cir. 2004) (citing United States v. Mitchell, 463 U.S. 206, 212, 103 S. Ct. 2961 (1983)).  The United States is immune from suit except to the extent that Congress has unequivocally expressed a waiver of immunity and this prohibition against suit extends to "a federal agency or federal officers [acting] in their official capacities."  Robinson v. Overseas Military Sales Corp., 21 F.3d 502, 510 (2d Cir. 1994).  A waiver of sovereign immunity "must be unequivocally expressed in statutory text, and cannot simply be implied." Adeleke, 355 F.3d at 150 (internal citations omitted).  Where Congress has not expressed consent for suit, immunity shields the United States from liability and any agencies or individuals acting on its behalf, and the court lacks subject matter jurisdiction.  Makarova, 201 F.3d at 113 ("The doctrine of sovereign immunity is jurisdictional in nature, and therefore the plaintiff bears the burden of establishing that [his] claim falls within an applicable waiver.") (citations omitted).

i.    Claims Pursuant to Sections 7430, 7433 and 7433A

Section 7430 presents a limited waiver of sovereign immunity by authorizing suit against the United States for reasonable administrative or litigation costs incurred in connection with "the determination, collection, or refund of any tax, interest, or penalty" under Title 26.  See 26 U.S.C. § 7430 (a) (1) and (2).  Given plaintiff's election to litigate his Section 7430 claims in the Tax Court he may not, pursuant to the specific terms of the Congressional waiver of immunity, bring suit here.  See supra at 11-16; see also Kuhl v. United States, 467 F.3d 145, 148 (E.D.N.Y. 2006) ("[T]axpayers must comply with the letter of the government's narrow waiver of sovereign immunity in order to get to federal court."); Makarova, 201 F.3d at 113 ("'The United States, as sovereign, is immune from suit save as it consents to be sued . . ., and the terms of its consent to be sued in any court define the court's jurisdiction to entertain the suit'."), quoting United States v. Mitchell, 445 U.S. at 538, 100 S. Ct. at 1349.

Similarly, the claims asserted against individual federal employee defendants must be dismissed if the federal employee was acting in his or her official capacity.  Suits against federal employees acting in their official capacity and suits against federal agencies must be analyzed as suits against the United States.  Celauro v. United States, 411 F. Supp.2d 257, 267-68 (E.D.N.Y. 2006).   Where a federal agent's action is undertaken in his capacity as a federal employee, the United States is the only proper defendant in an action challenging that action.  Id.

The court must determine whether the individual federal defendants' actions challenged here were within the scope of their employment.  Id.  This analysis imparts a two part test:

> First, the court must determine whether there is a reasonable
> connection between the act and the agent's duties and
> responsibilities.  Second, the court must determine whether the act

is manifestly or palpably beyond the agent's authority."

Id. at 266 (citations omitted).

Here, the Internal Revenue Code provides for the assessment of taxes and the notification to taxpayers of any deficiencies thereon. 26 U.S.C. § 6212. The issuance of the Notice of Deficiency and the Government's response to Petito's petition challenging the Notice were clearly related to the individual defendants' official duties. The actions undertaken by the individual defendants were not manifestly or palpably beyond their authority. Given this finding, the United States alone is the proper defendant for the plaintiff's claims. Accordingly, the undersigned recommends dismissal of Petitio's claims alleged pursuant to the Internal Revenue Code against the individual defendants in their official capacities.

Section 7433(a) also presents a limited waiver of sovereign immunity by authorizing a civil action against "any officer or employee of the Internal Revenue Service" who recklessly, intentionally, or negligently disregards any provision of Title 26 or a corresponding regulation in the "collection" of Federal tax. 26 U.S.C. § 7433(a). As discussed above, Section 7433 is not available to challenge the assessment of taxes as this does not constitute a collection action. Morse v. United States, CV 94-619(CPS), 1996 WL 288476, at *1 (E.D.N.Y. May 23, 1996), citing Gonsalves v. I.R.S., 975 F.2d 13, 16 (1st Cir. 1992) (additional citations omitted). In the absence of any collection activity plaintiff's claims under Sections 7433 and 7433A are barred. See supra at 15-16. Accordingly, the undersigned recommends that all of the plaintiff's claims alleged pursuant to Sections 7430, 7433 and 7433A be dismissed as against all of the defendants. The court now turns its attention to the remaining claims against the defendants.

ii.     Constitutional claims

As noted above, the plaintiff claims that the federal defendants have violated his First, Fourth, Fifth, Sixth and Seventh Amendment rights.  See Plaintiff's Affidavit in Opposition to the Federal Defendants' Motion to Dismiss at page 9.  More specifically, Petito claims violation of his: (1) First Amendment right "to petition government to redress grievances"; (2) Fourth Amendment right "to be secure in my person, house, papers and effects from unreasonable search and seizure"; (3) Fifth Amendment right "to procedural due process" in both the tax case and the criminal prosecution; (4) Sixth Amendment right "to speedy trial & confrontation of witnesses"; and Seventh Amendment right "to trial by jury."  Id.  Plaintiff further claims that the federal defendants have violated unspecified "other amendments" that protect life, liberty and the pursuit of happiness."  Id.

The alleged violation of the plaintiff's claimed right "to life, liberty and the pursuit of happiness," apparently derived from the Declaration of Independence, fails to state a claim.  The law is clear that "[t]here is no private right of action to enforce the Declaration of Independence." See Parola v. Internal Revenue Service, No. 98 CV 7179(JG), 1999 WL 1215557, at * 7 (E.D.N.Y. Dec. 15, 1999), citing Coffey v. United States, 939 F. Supp. 185, 191 (E.D.N.Y. 1996) ("While the Declaration of Independence states that all men are endowed certain unalienable rights including 'Life, Liberty and the pursuit of Happiness,' it does not grant rights that may be pursued through the judicial system." (citation omitted)).  Thus, the undersigned recommends dismissal of this claim.

As a threshold matter, the court must determine whether the plaintiff's Constitutional claims, cognizable pursuant to 42 U.S.C. § 1983, are timely asserted.  Such claims are governed

by a three-year statute of limitations.  Patterson v. County of Oneida, 375 F.3d 206, 225 (2d Cir. 2004) ("The statute of limitations applicable to claims brought under [] §1983 in New York is three years.") (citations omitted).  With regard to the First Amendment claim, the court understands this claim as asserting that the criminal prosecution was retaliatory for Petito's exercise of his right to petition the government to redress grievances when he opposed the December 29, 1999 Notice of Deficiency by petition filed with the Tax Court in January 2000.  Petito was indicted on August 31, 2000 and the indictment was dismissed on September 28, 2001.  Thus, these events occurred outside the three-year limitations period given that the complaint was filed on October 19, 2004.   Thus, they are time-barred.

Similarly, the Fourth Amendment claim, which seeks to challenge the "actions leading to and obtaining a wrongful unreasonable grand jury indictment" is untimely.   Even if this claim were timely asserted, the plaintiff has provided no support for his assertion the Fourth Amendment provides a remedy because a "wrongful unreasonable grand jury indictment . . . becomes commensurate, if not worse than a wrongful search and seizure", see Plaintiff's Affidavit in Opposition to the Federal Defendants' Motion to Dismiss at page 10, and the court is unaware of any.

The plaintiff's Fifth, Sixth and Seventh Amendment claims fare no better.  The Fifth Amendment claim alleges that the plaintiff's procedural due process rights were violated in connection with both the Tax Court proceeding and the grand jury indictment.  As discussed above, because the grand jury indictment was dismissed more than three years before the complaint was filed, any Constitutional challenge to the indictment is time-barred.   With regard to the procedural due process challenge to the tax court proceeding, the Tax Court decision was

entered November 8, 2002. Thus, while the court finds that such claim is timely, it warrants dismissal both because the Tax Court decision is no longer appealable, see infra at 11-13, and on the basis of immunity, infra at 16-18; supra at 21-26. The Sixth Amendment claim challenges only the criminal proceeding and is time-barred given the conclusion of the criminal proceeding on September 28, 2001. Finally, the Seventh Amendment claim that alleges a violation of the right to a trial by jury is time-barred insofar as it relates to the criminal proceeding. While the plaintiff's papers are not clear that the Seventh Amendment claim is also alleged in connection to the Tax Court matter, given a liberal read of the plaintiff's allegation, the court finds that it is. The law is clear that there is no right to a jury trial in Tax Court. Dorl v. Comm'r Internal Revenue, 507 F.2d 406 (2d Cir. 1974) ("It is equally elementary that there is no right to a jury trial in the Tax Court.") (citing Phillips v. Commissioner, 283 U.S. 589, 599 n. 9, 51 S. Ct. 608 (1931); Wickwire v. Reinecke, 275 U.S. 101, 105, 48 S. Ct. 43 (1927). Thus, the Seventh Amendment claim must be dismissed.

> a.     Bivens Claims

To the extent that the plaintiff's claims may be construed to allege a cause of action against the IRS agents in their personal capacities under Bivens, the court must next analyze whether such claims are cognizable. In Bivens v. Six Unknown Named Agents of Federal Bureau Narcotics, 403 U.S. 388, 390-97, 91 S. Ct. 1999 (1971), the Supreme Court recognized a direct cause of action against federal employees for damages for alleged constitutional violations. However, where a statutory scheme sufficiently provides "adequate remedial mechanisms for constitutional violations that may occur in the course of its administration," additional remedies under Bivens are not available. Schweiker v. Chilicky, 487 U.S. 412, 423, 108 S. Ct. 2460, 101

(1988).

Applying this rule, no remedy lies for the Constitutional violations alleged here. As the Second Circuit has held in denying <u>Bivens</u> relief to taxpayers claiming First Amendment violations, "it would be difficult to conceive of a more comprehensive statutory scheme, or one that has received more intense scrutiny from Congress, than the Internal Revenue Code." <u>Hudson Valley Black Press v. I.R.S.</u>, 409 F.3d 106, 113 (2d Cir. 2005). Thus, as Congress has "designed a complex and comprehensive administrative scheme that provides various avenues of relief for aggrieved taxpayers," <u>see id</u>., Petito cannot assert viable claims against these federal employees for any alleged violations of his constitutional rights as a result of their alleged tax assessment and collection related activities. <u>Id</u>. at 106 (2d Cir. 2005) (joining the First, Third, Fifth, Sixth, Seventh, Eighth, and Tenth Circuits in holding that <u>Bivens</u> actions are inapplicable to claims arising from federal tax assessment or collection); <u>Celauro</u>, 411 F. Supp.2d at 267.

Moreover, even if the claims against the individual defendants were cognizable, they must be dismissed because, as the plaintiff acknowledges, he has not personally served them with the complaint in this action. Thus, given this failure, the court lacks personal jurisdiction over the individual defendants and these claims must be dismissed. Fed. R. Civ. P. 12(b)(2) and (5).

Finally, any possible claims under <u>Bivens</u> are also time-barred. The statute of limitations applicable to <u>Bivens</u> claims is three years. <u>Chin v. Bowen</u>, 833 F.2d 21, 24-25 (2d Cir. 1987). "It is well settled that a <u>Bivens</u> claim for malicious prosecution does not accrue until criminal proceedings are terminated." <u>Murphy v. Lynn</u>, 53 F.3d 547, 548 (2d Cir. 1995) ("[F]or claims based in malicious prosecution, this period starts to run only when the underlying criminal action is conclusively terminated."). <u>Id</u>., citing <u>Singleton v. City of New York</u>, 632 F.2d 185, 189 (2d

Cir. 1980).  Here, the criminal proceeding terminated on September 28, 2001 when the district court granted the Government's motion to dismiss the indictment, more than three years prior to October 19, 2004 filing of the complaint.  Thus, these claims are time-barred and should be dismissed.

       iii.    Tort Claims

The federal defendants also seek dismissal of the plaintiff's negligence and malicious prosecution claims.  According to the federal defendants, to the extent that the complaint may be read to allege a claim under the Federal Tort Claims Act (the "FTCA") based on the defendants' conduct in assessing taxes they are barred by sovereign immunity.  The defendants also contend that the malicious prosecution claim must be dismissed for failure to exhaust administrative remedies as is required by the FTCA.  Finally, the defendants also seek dismissal of the malicious prosecution claim based on prosecutorial immunity.  The court now considers these arguments.

The FTCA does not permit suits against federal agencies eo nomine.  28 U.S.C. § 2679(a); Rivera v. United States, 928 F.2d 592 (2d Cir.1991) (dismissing for lack of subject matter jurisdiction a suit brought against the Drug Enforcement Administration because FTCA precludes suits against federal agencies ); Celauro, 411 F. Supp.2d at 267-68 (citing Federal Nat'l. Mortg. Ass'n. v. IRS, 2001 WL 260076 at *2 (E.D.N.Y. 2001); Higgins v. United States, 2003 WL 21693717 at *1 (E.D.N.Y. 2003) (holding that IRS was not subject to suit in its own name); Posey v. U.S. Dep't of the Treasury-IRS, 156 B.R. 910, 917 (W.D.N.Y. 1993) ("Suit aganst the IRS or Treasury Department is not available in federal court").  Accordingly any tort claim asserted against the IRS, the Department of the Treasury or the Department of Justice must

be dismissed.

To the extent plaintiff asserts a FTCA claim against the United States and its officers and employees in connection with the assessment of taxes this claim is barred by sovereign immunity.  See 28 U.S.C. § 2679(b)(1); Devine v. United States of America, No. 98 Civ. 4255(RPP),1999 WL 194832, *2-3 (S.D.N.Y. April 7,1999) (citing 28 U.S.C. § 2680(c)); see also Aetna Surety Co. v United States, 71 F.3d 475, 477-78 (2d Cir. 1995); Celauro, 411 F. Supp.2d at 269-70 ("Claim[s] arising in respect of the assessment or collection of any tax," are expressly excepted from the Federal Torts Claims Act's waiver of sovereign immunity by 28 U.S.C. § 2680); see also Speelman, 461 F. Supp.2d at 75; Harriman v. Internal Revenue, 233 F. Supp.2d 451, 461 (E.D.N.Y. 2002) (dismissing tort claims brought pursuant to the FTCA "because the Act does not apply to tax claims"), citing 28 U.S.C. § 2680 ("The provisions of this chapter and 1346(b) of this title shall not apply to '[a]ny claim arising in respect to the assessment or collection of any tax. . . .'").[5]

Moreover, the Government has not waived sovereign immunity for the intentional torts of its employees, including malicious prosecution.  However, the FTCA carves out a specific exception to this bar for claims of malicious prosecution where the alleged misconduct is that of "investigative or law enforcement officers of the United States Government."  28 U.S.C. § 2680(h).  A federal "investigative or law enforcement officer means any officer of the United

_____

[5] As discussed supra at 16-17, individual IRS employees and IRS attorneys acting within the scope of their employment stand in the shoes of the sovereign and are immune from suit on this basis. See,  U.S. v. Smith, 499 U.S. 160, 161-65, 111 S. Ct. 1180, 1183-84 (1991); Rivera v. United States, 928 F.2d 592, 608-09 (2d Cir. 1991); Finelli v. DEA, No. 92 Civ. 3463 (PKL), 1993 WL 51105 at *1-2 (S.D.N.Y. Feb. 24, 1993).

States who is empowered by law to execute searches, to seize evidence, or to make arrests for violations of Federal law." 28 U.S.C. § 2680(h). Pursuant to Internal Revenue Code Section 7608(b), criminal investigators of the Intelligence Division (CID) of the IRS are the only IRS officers empowered to act as investigative or law enforcement officers. See 26 U.S.C. § 7608(b). Thus, to the extent plaintiff asserts a malicious prosecution claim against any non-investigative personnel including IRS attorneys acting within the scope of their employment that claim is barred by sovereign immunity.[6]

The complaint names three individual IRS agents of the Criminal Intelligence Division, that is Hill, Sprance and Gossett, whose alleged conduct permit suit against the Government under the FTCA.[7] Notwithstanding this waiver, the malicious prosecution claim must be dismissed for failure to exhaust administrative remedies. The FTCA requires that before a tort action can be commenced against the United States the claimant must first exhaust administrative remedies by presenting such claims to the appropriate agency within two years of the claim. The agency must deny them in writing. 28 U.S.C. § 2675(a). In this case, it is undisputed that the plaintiff has not filed an administrative tort claim with any federal agency requiring dismissal of the malicious prosecution claim. Keene Corp. v. United States, 700 F.2d 836, 841 (2d Cir. 1983) ("[T]he requirement that a notice of claim be filed is jurisdictional and cannot be waived.").

---

[6]These defendants are also immune from individual suit both because they have not been served with the summons and complaint and the statute of limitations has long expired. Fed. R. Civ. P. 4; Conway v. Village of Mount Kisco, 750 F.2d 205, 212 (2d Cir. 1984) (one-year statute of limitations period for a malicious prosecution claim, citing N.Y. C.P.L.R. § 215(3)).

[7] A malicious prosecution claim against the CID agents individually is also barred by the statute of limitations and because they were not personally served.

With regard to the malicious prosecution claims against the federal prosecutors, the law is clear that federal prosecutors are not investigative or law enforcement officers when performing prosecutorial functions. See, e.g., Wang v. United States, CV No. 01-1326(HB), 2001 WL 1297793, at *3 (S.D.N.Y. Oct. 25, 2001) ("Because a prosecutor is not acting as an 'investigative or law enforcement officer' when he or she decides to prosecute, or for that matter declines to prosecute, the court does not have jurisdiction under the FTCA over intentional tort claims arising from such decisions."); see also Bernard v. United States, 25 F.3d 98, 104 (2d Cir. 1994) ("The FTCA does not authorize suits for intentional torts based upon the actions of Government prosecutors."). The "discretionary function exception" to the Government's waiver of sovereign immunity under the FTCA further precludes plaintiff's tort claims insofar as they a rise from a prosecutor's decision to indict and prosecute. 28 U.S.C. § 2680(a); Wang, 2001 WL 1297793, at *3 ("It is well-settled that the discretionary tort exception encompasses a prosecutor's decision to prosecute, even if that decision constitutes an abuse of process.") (citations omitted). Moreover, the malicious prosecution claims fare no better to the extent that they are fashioned in terms of a conspiracy based on actions taken outside of the courtroom because "'when the underlying activity at issue is covered by absolute immunity, the plaintiff derives no benefit from alleging a conspiracy.'" Pinaud v. County of Suffolk, 52 F.3d 1139, 1148 (2d Cir. 1995) (quoting Hill v. City of New York, 45 F.3d 653, 659 n. 2 (2d Cir. 1995)). Accordingly, the malicious prosecution claims alleged against the federal prosecutors are barred by the FTCA.

## CONCLUSION

For the reasons set forth above, the undersigned recommends that the federal defendants' motion to dismiss be granted in its entirety.

## OBJECTIONS

Any objections to this Report and Recommendation must be filed with the Clerk of the Court with a copy to the undersigned within 10 days from service of this Report. Failure to file objections within this period waives the right to appeal the District Court's Order. See 28 U.S.C. § 636 (b)(1); Fed. R. Civ. P. 72, 6(a), 6(e); Beverly v. Walker, 118 F.3d 900, 902 (2d Cir. June 30, 1997); Savoie v. Merchants Bank, 84 F.3d 52, 60 (2d Cir. 1996); IUE AFL-CIO Pension Fund v. Herrmann, 9 F.3d 1049, 1054 (2d Cir. 1993); Roldan v. Racette, 984 F.2d 85, 89 (2d Cir. 1993); Frank v. Johnson, 968 F.2d 298, 299 (2d Cir. 1992).


Dated:  Central Islip, New York
        March 7, 2007                         _____
                                             Arlene R. Lindsay
                                             United States Magistrate Judge